PROB 12A
(6/16)

# United States District Court

## for the

## Eastern District of Washington

## Report on Offender Under Supervision
*(No Action Requested)*

| | |
|---|---|
| Name of Offender: James Arthur Bland | Case Number: 0980 2:17CR00146-RMP-1 |
| Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge | |
| Date of Original Sentence: February 13, 2018 | Type of Supervision: Supervised Release |
| Original Offense: Possession of Child Pornography, 18 U.S.C. § 2252A)a)(5)(B), (b)(2) | Date Supervision Commenced: February 13, 2018 |
| Original Sentence: Prison - 1 Day; TSR - 120 Months | Date Supervision Expires: February 12, 2028 |

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #1**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. |

**Supporting Evidence**: Mr. Bland is considered to be in violation of special condition #1 by having contact with his girlfriend's 15-year-old daughter via text message without first obtaining permission from the probation officer and he did not report the contact within 24 hours of the incident.

On February 21, 2018, this officer met with James Arthur Bland and reviewed and signed the judgment and sentence which outlined his conditions of supervised release. He stated he understood the conditions and was provided a signed copy.

During an individual counseling session with his counselor on April 3, 2019, Mr. Bland disclosed he had a text message conversation with his girlfriend's 15-year-old daughter on or about February 10, 2019. The text messages continued through March 2019.

Mr. Bland's girlfriend knew of the text messages and this officer reviewed the text messages and they appear to be benign; however, the text messages took place between Mr. Bland and a person under the age of 18, and he did not have permission to have the contact nor did he disclose to this officer within the allotted time frame outlined in the conditions of supervision.

**U.S. Probation Officer Action**:

This officer spoke with Mr. Bland and expressed concern over him having unauthorized contact with someone under the age of 18 without permission and not disclosing the contact. He accepted full responsibility and discussed the potential immediate and long-term consequences that could come from his behaviors. He stated he understood and even though the messages were benign, he recognizes his error. He stated his initial thoughts were "I should not respond to her text message" and then he used some "distorted thinking" and convinced himself to respond by thinking, "well, this isn't really contact." Through his disclosure in treatment he was able to process how he reverted to old thinking styles and ultimately justified his actions. Through therapy he has been able to discuss his behavior and is developing an understanding into his pattern of behavior. All outings from his home were canceled until he and his girlfriend met with the therapist to discuss the issues and the importance of following the parameters of supervision and treatment.

Mr. Bland and his girlfriend met with the therapist on April 17, 2019, to discuss the listed violations and how they could impact Mr. Bland's freedom and treatment modality. The couple realize the potential concerns and consequences if these types of behaviors continue. Mr. Bland completed a polygraph examine on April 23, 2019, which indicated he was truthful during the questioning and there was no indication of any violation behaviors noted through the analysis.

The therapist indicated Mr. Bland appears to be working hard in treatment. Mr. Bland has been open to feedback during his individual and group counseling sessions. He has increased his awareness into his actions and continues to develop and work on expanding his prosocial thinking and support. The therapist advised the violation behavior was openly disclosed during treatment and Mr. Bland accepted full responsibility and immediately began addressing the concerns. He followed the instruction of his counselor and immediately contacted his probation officer and disclosed his activities.

Based on Mr. Bland's continued commitment to treatment services and developing his communication and coping skills through his therapy, it is respectfully requested the Court allow this officer to continue to work with and support Mr. Bland through his current term of supervised release and his treatment modality.

I declare under penalty of perjury that the foregoing is true and correct.

| Executed On: | April 29, 2019 |
|---|---|
| | s/Stephen Krous |
| | Stephen Krous<br>U.S. Probation Officer<br>Date: April 29, 2019 |

[X ]    Court Concurs with Officer Action
[ ]    Submit a Request for Modifying the Condition or Term of Supervision
[ ]    Submit a Request for Warrant or Summons
[ ]    Other

_____
Signature of Judicial Officer

4/29/2019
_____
Date